963 A.2d 1270

**PHILADELPHIA FIRE FIGHTERS' UNION, LOCAL 22, IN-TERNATIONAL ASSOCIATION OF FIREFIGHTERS, AFL-CIO, by Its Guardians Ad Litem, Brian McBRIDE, President, William Gault, Vice President, and Ray Clothier, III, Vice President, et al., Appellants**

v.

**The CITY OF PHILADELPHIA, Honorable Michael A. Nutter, Camille Cates Bennett and Lloyd Ayers, Appellees.**

Supreme Court of Pennsylvania.

Jan. 9, 2009.

## ORDER

PER CURIAM.

**AND NOW,** this 9th day of January, 2009, the Application for Injunctive Relief Pending Appeal is hereby DENIED.

Justice BAER files a joining concurring statement.

Justice McCAFFERY files a dissenting statement.

Justice BAER, concurring.

I join this Court's *per curiam* order denying the application for injunctive relief filed by the International Association of Fire Fighters Local 22 (Local 22).[1]  As set forth in my

---

1. Specifically, Local 22 is seeking an injunction pending appeal to restrain the closing of seven fire companies.  It argues that there are no

Concurring Statement in *International Association of Fire Fighters Local 22 v. City of Philadelphia,* 600 Pa. 621, 969 A.2d 1173, 2009 WL 50644, No. 39 EAP 2008 (January 9, 2009),[2] it is my position that this case is the better vehicle for consideration of Local 22's request for injunctive relief pending appeal. Upon reviewing the merits of Local 22's application, I agree with the majority of this Court that it has not demonstrated its entitlement to relief.

Testimony and documentary evidence presented at evidentiary hearings conducted by the trial court on December 16th and 17th, 2008, demonstrate that the closing of the fire companies at issue will not result in layoffs; rather, the displaced firefighters will be reassigned. Moreover, the trial court concluded that Local 22 failed to present sufficient credible evidence establishing that the fire company closings would pose an imminent danger to the firefighters or the community. Trial Court Opinion dated December 29, 2008 at 4–5. Under these circumstances, Local 22 has failed to demonstrate that it will be irreparably injured by the denial of injunctive relief at this point in the proceedings. Thus, I join in the majority's denial of relief at this time, and await consideration of the substantive issue of whether the Commonwealth Court properly vacated the arbitration panel's award, which required the City to engage in a multi-step process prior to closing the fire companies.[3]

Justice McCAFFERY, dissenting.

I dissent from this Court's *per curiam* order denying relief for substantially the same reasons set forth in my Dissenting

reasonable grounds to support the denial of injunctive relief under the standard articulated in *Mazzie v. Commonwealth,* 495 Pa. 128, 432 A.2d 985, 988 n. 1 (1981) (providing that a preliminary injunction should be granted only where the rights of the plaintiff are clear, the need for relief is immediate, and the injunctive relief is necessary to avoid injury which is irreparable and cannot be compensated for by damages).

2. The matter at No. 39 EAP 2008 involved Local 22's application for extraordinary relief filed in this Court's original jurisdiction.

3. Such matter is scheduled for oral argument before this Court during its March 2009 argument session.

Statement in *International Association of Fire Fighters Local 22 v. City of Philadelphia,* 600 Pa. 621, 969 A.2d 1173, 2009 WL 50644, No. 39 EAP 2008 (filed January 9, 2009).[1] Accordingly, I would grant Appellants' appeal and reverse the lower court decision denying the requested injunction.

1. Procedurally, 39 EAP 2008 and 1 EAP 2009 are different. In 39 EAP 2008, Appellants filed an emergency application in this Court for what amounts to a stay of the Commonwealth Court's order in the underlying dispute. In 1 EAP 2009, Appellants essentially filed an appeal of the Commonwealth Court's affirming the trial court's denial of Appellants' request for a preliminary injunction. Even with our deferential standard of review of orders disposing of grants or denials of requests for prohibitory preliminary injunctions, I believe that the extraordinary circumstance presented here, which involves the potential loss of life and limb as a result of the denial of the preliminary injunction, compels the conclusion that the lower court's order is not based on the exercise of legally sustainable reason.